UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

D.A. BOYD AND SONS
FUNERAL HOME,

    Plaintiff,

v.                                    Case No.   3:22-cv-538-MMH-PDB

FEDERATED MUTUAL
INSURANCE COMPANY,

    Defendant.

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Dkt. No. 7; Motion) filed on May 19, 2022. Plaintiff D.A. Boyd and Sons Funeral Home filed an Amended Complaint (Dkt. No. 14) on June 29, 2022, which rendered moot the parties' previous pleadings. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes a previously filed complaint"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motions"). As such, the Court will deny the Motion as moot.

In addition, the Court notes that the Amended Complaint identifies D.A. Boyd and Sons Funeral Home as the Plaintiff in this action, rather than Joe Monroe, the individual named as the Plaintiff in the original Complaint (Doc. 4). However, Plaintiff fails to adequately allege the citizenship of D.A. Boyd and Sons Funeral Home such that the Court is unable to determine whether it continues to have diversity jurisdiction over this action.[1] For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). In the Amended Complaint, Plaintiff alleges that it is "a corporation organized and existing under the laws of the State of Florida and doing business in Putnam County, Florida." See Amended Complaint ¶ 2. For the purpose of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559

---

[1] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Although the Amended Complaint does not include any allegations regarding the Court's subject matter jurisdiction, Defendant previously removed the case to this Court on the basis of diversity jurisdiction. See Notice of Removal (Doc. 1) at 2, filed May 13, 2022.

U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business. See Rolling Greens MHP, L.P. v Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1). Because Plaintiff does not identify its principal place of business, the Court does not have the facts necessary to establish its subject matter jurisdiction over this case. In light of the foregoing, the Court will direct Plaintiff to file a notice properly identifying its citizenship. Accordingly, it is

**ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. No. 7) is **DENIED as MOOT**.
2. Plaintiff shall have up to and including **July 14, 2022,** to file a notice properly identifying the citizenship of D.A. Boyd and Sons Funeral Home.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of June, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

- 4 -

lc11
Copies to:

Counsel of Record

- 4 -